Filed: 2/2/2022 8:43 PM
Lynne Finley
District Clerk
Collin County, Texas
By Alexis Scherff Deputy
Envelope ID: 61413111

CAUSE NO. 471-00549-2022

| | | |
|---|---|---|
| LMI LANDSCAPE, INC. d/b/a LANDSCAPE MANAGEMENT, INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | 471st JUDICIAL DISTRICT |
| AGCS MARINE INSURANCE COMPANY and ACRISURE, LLC d/b/a MULLIS NEWBY HURST, | § § § § § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff LMI Landscape, Inc., doing business as Landscape Management, Inc. ("LMI"), files this First Amended Petition complaining of AGCS Marine Insurance Company ("AGCS") and Acrisure, LLC, doing business as Mullis Newby Hurst ("MNH"), Defendants herein, and for cause of action would respectfully show the Court the following:

**I.**

1. Plaintiff pleads for discovery under Level 3, pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.4. Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, which is an amount more than $1,000,000.

**II.**

2. Venue is proper in Collin County, Texas pursuant to Section 15.002(a)(1) and/or (4) as well as 15.005 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE as all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

### III.

3       Plaintiff LMI Landscape Inc., doing business as Landscape Management, Inc., is a company registered in the State of Texas doing business in Collin, County Texas.

4.      Defendant AGCS Marine Insurance Company is a company registered in the State of Illinois and may be served with process by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5.      Defendant Acrisure, LLC, doing business as Mullis Newby Hurst, is foreign limited liability company and may be served with process by serving Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### IV.

### FACTS

6.      LMI is a commercial landscape contractor and owns property at 9260 County Road 132, Celina, Collin County, TX 75009 ("Celina"), 1000 Brewer Road, Van Alstyne, Grayson County, TX 75495 ("Van Alstyne"), 1437 Halsey Way, Carrollton, Dallas County, Texas 75007("Carrollton") and 1901 Fletcher Drive, Austin, Travis County, Texas 78728 ("Austin") (collectively referred to as "Properties").  LMI uses these locations to operate its business and grow and maintain its stock of trees, shrubs, and plants for its landscape operations.

7.      On or about February 13-17, 2021, the Properties experienced below freezing temperatures.  The temperature and other weather conditions during this period resulted in significant stock losses (trees, shrubs, plants, etc.) at the Properties.  The stock died or became unusable as a result of the below freezing temperatures and/or weather conditions.  LMI suffered significant monetary losses as a result of its loss of stock and damages to property.

8. LMI had a Policy of Insurance identified with policy number MZI 93071702 ("Policy") with AGCS which covered the properties and stock of trees, shrubs, and plants at the Celina and Van Alstyne locations. LMI acquired the Policy through MNH which represented, promised, and assured LMI that its stock and property was covered by the Policy. LMI submitted a claim to AGCS as a result of the loss of stock and damage to property following February 13-17, 2021 weather event. The claim was made under the Policy and was assigned claim number 40053003 ("Claim").

9. AGCS sent correspondence on August 4, 2021, concluding "there is no covered loss under the policy" and citing certain exclusions which do not apply to this loss in an effort to relieve itself from its contractual obligations.

10. AGCS sent further correspondence on January 6, 2022, following a request for reconsideration, that the claimed loss is excluded.

11. Under the terms of the Policy, AGCS agreed to promptly pay covered claims. AGCS has breached the terms of the Policy by failing to meet contractual deadlines and provide the reasons for denying the claim promptly. AGCS failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim after AGCS's liability became reasonably clear. A reasonable objective investigation would have revealed the extensive damages and that the Policy afforded coverage for the loss, and LMI would have been fully compensated under the terms of the Policy. To date, LMI has not received any compensation for this extensive covered loss.

## V. CAUSES OF ACTION AGAINST AGCS

### COUNT 1 – BREACH OF CONTRACT

12. LMI incorporates by reference the allegations contained in the preceding paragraphs.

13. AGCS is obligated under the Policy to pay the replacement cost to the property and stock damaged and destroyed during the February 14-17, 2021 weather event. AGCS has breached its obligations under the Policy by wrongfully delaying and/or denying coverage for the full amount of the Claim. LMI seeks the full amount of the claim, less any applicable deductible.

### COUNT 2 – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

14. LMI incorporates by reference the allegations contained in the preceding paragraphs.

15. AGCS has violated TEXAS INSURANCE CODE § 542.051, et. seq., or the Prompt Payment of Claims Act. AGCS is liable for the full amount of the Claim and had a statutory duty to pay the full amount of the Claim in a timely manner. AGCS breached the duty by not timely paying the claim after wrongfully delaying and/or denying it. AGCS's violations of the Prompt Payment of Claims Act subject AGCS to an 18% statutory penalty and reasonable attorneys' fees (TEX. INS. CODE § 542.060(A))

### COUNT – 3 VIOLATIONS OF THE TEXAS INSURANCE CODE

16. LMI incorporates by reference the allegations contained in the preceding paragraphs.

17. AGCS has violated TEXAS INSURANCE CODE 541.060, the Unfair Settlement Practices Act, with respect to LMI's Claim under the Policy. AGCS refused to pay the claim without conducting a reasonable investigation pursuant to TEX. INS. CODE § 541.060(a)(7). AGCS has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. (TEX. INS. CODE § 541.060(a)(2)(A)). AGCS

has failed to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for AGCS's denial of the Claim. (TEX. INS. CODE § 541.060(a)(3)).

18. Based on the violations of the TEXAS INSURANCE CODE, LMI is entitled to recover its actual damages, court costs, and reasonable attorneys' fees. (TEX. INS. CODE § 541.152(a)). As a result of its actions, AGCS is also subject to statutory penalties, including treble damages, for its knowing misconduct. (TEX. INS. CODE § 541.152(b)).

### COUNT 4 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

19. LMI incorporates by reference the allegations contained in the preceding paragraphs.

20. As explained above, AGCS was and is contractually obligated to pay LMI's Claim. Rather than pay the claim, however, AGCS conducted a result-oriented investigation aimed solely at attempting to justify its denial of LMI's claim. Based on this bad faith investigation, AGCS denied LMI's claim in its entirety when it knew or should have known that its liability was reasonably clear. As such, AGCS has breached its common law duty of good faith and fair dealing.

### VI. CAUSES OF ACTION AGAINST MNH

### COUNT 1 – NEGLIGENCE

21. LMI incorporates by reference the allegations contained in the preceding paragraphs.

22. As the insurance agent, MNH has a duty to use diligence in procuring the best insurance coverage for LMI and to inform LMI if it is unable to do so. Because LMI is a commercial landscape contractor, MNH had a duty to procure insurance coverage for trees, shrubs, plants, etc. owned and used by LMI in its business. LMI requested insurance coverage for its properties to protect against loss such as the one which occurred on or about February 13-17, 2021. To the extent that coverage did not apply to the loss that occurred on February 13-17, 2021 to LMI's properties then MNH breached its duty to procure the best insurance coverage for LMI.

23. LMI would show that it suffered significant economic loss which was proximately caused by MNH's negligence.

**COUNT – 2 NEGLIGENT MISREPRESENTATIONS**

24. LMI incorporates by reference the allegations contained in the preceding paragraphs.

25. LMI would show that MNH supplied false information during its business, profession, or employment, or in the course of a transaction in which MNH has pecuniary interest, and that such information was supplied by MSH for the guidance of LMI in the transaction described above, the purchase of a policy of insurance for the Properties. MNH failed to exercise reasonable care or competence in obtaining or communicating such information.

26. LMI would show that it suffered significant economic loss which was proximately caused by MNH's negligent misrepresentation.

**COUNT 3 –VIOLATIONS OF THE TEXAS INSURANCE CODE**

27. LMI incorporates by reference the allegations contained in the preceding paragraphs.

28. TEXAS INSURANCE CODE SECTION 541.003 and 541.051 prohibits persons from engaging in deceptive practices in the business of insurance. Deceptive practices include misrepresenting the terms of a Policy or the benefits or advantages promised by the Policy. Agents are "persons" engaged in the business of insurance. MNH misrepresented the terms and benefits of the Policy purchased and issued to LMI. MNH represented that the property and stock of LMI would be insured against loss of the type sustained by LMI. To the extent the loss is not covered under the applicable Policy then MNH misrepresented the terms of the Policy in violation of the TEXAS INSURANCE CODE.

29. Based on the violations of the TEXAS INSURANCE CODE, LMI is entitled to recover its actual damages, court costs, and reasonable attorneys' fees. (TEX. INS. CODE § 541.152(a)). As a result

of its actions, MNH is also subject to statutory penalties, including treble damages, for its knowing misconduct. (TEX. INS. CODE § 541.152(b)).

## VII.

## ATTORNEYS' FEES

29. LMI incorporates by reference the allegations contained in the preceding paragraphs.

30. LMI was forced to engage legal representation in order to redress its losses. LMI is entitled to recover its attorney's fees rising out of this matter under the TEXAS CIVIL PRACTICE AND REMEDIES CODE and TEXAS INSURANCE CODE. *See* Tex. CIV. PRAC. & REM. CODE § 38.001(8); TEX. INS. CODE §541.152(a)(1).

## VIII.

## CONDITIONS PRECEDENT

31. All conditions precedent to this suit have occurred or have been waived.

## IX.

## JURY DEMAND

32. LMI demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff may have:

A. Judgment against Defendants for actual damages (including incidental, consequential and/or special damages) in an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest at the legal rate;

B. Judgment against Defendants for treble, punitive and/or exemplary damages under common law and/or pursuant to the TEXAS INSURANCE CODE;

C. Judgment against Defendants for all costs of court;

D. Judgment against Defendants for reasonable attorneys' fees for the following:

1. Preparation and trial of this lawsuit;

2. Post-trial, pre-appeal legal services;

3. An appeal to the Court of Appeals

4. An appeal to the Supreme Court of Texas; and,

E. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: */s/ Carlisle A. Braun*
Carlisle A. Braun
Texas Bar No. 24058818
Regina N. Schneider
Texas Bar No. 24120662
Joshua L. Weems
Texas Bar No. 24051502

**SAUNDERS, WALSH & BEARD**
6850 TPC Drive, Suite 250
McKinney, Texas 75070
Telephone: 214-919-3555
Facsimile: 214-945-4060
carlisle@saunderswalsh.com
regina@saunderswalsh.com
josh@saunderswalsh.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Regina Schneider on behalf of Carlisle Braun
Bar No. 24058818
Regina@saunderswalsh.com
Envelope ID: 61413111
Status as of 2/7/2022 8:16 AM CST

Associated Case Party: LMI Landscape, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Regina Schneider | | Regina@saunderswalsh.com | 2/2/2022 8:43:50 PM | SENT |
| Carlisle Braun | | Carlisle@saunderswalsh.com | 2/2/2022 8:43:50 PM | SENT |
| Liz Jobes | | liz@saunderswalsh.com | 2/2/2022 8:43:50 PM | SENT |
| Josh Weems | | josh@saunderswalsh.com | 2/2/2022 8:43:50 PM | SENT |